■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC REYES, Appellant.—Judgment of the Supreme Court, New York County, rendered February 24, 1977, convicting defendant of burglary in the third degree, and sentencing him, as a predicate felon, to a term of 2½ to 5 years, reversed, on the law, the sentence vacated and the indictment dismissed. There was insufficient evidence to establish that defendant together with Perez and Cuadraeo burglarized the apartment of Ms. Young at 323 East 10th Street and stole stereo equipment which was present in said apartment. After Perez was found "lurking" in the backyard of the apartment building with the stereo equipment, Cuadraeo and defendant were arrested within minutes of each other in a hallway of the building which provided access to Ms. Young's apartment and another apartment. Although defendant had a screwdriver in his pocket, he was not seen leaving Ms. Young's apartment. There was no proof that he came from any particular apartment, nor was there evidence that an instrument had been used to gain entrance to Ms. Young's apartment. In addition, as will be shown, no incriminating statement or bahavior can be attributed to defendant at that time or thereafter. The principal evidence offered by the prosecution to link defendant to the burglary was a conversation which took place in the police station after arrest and testified to by the arresting officer on redirect examination. That testimony was that at that time, defendant, Cuadraeo and Perez were together, that they appeared friendly and that Cuadraeo said to Reyes, "if you didn't come out of the apartment he was going to let me go," and Perez said, "this ain't so bad, it's about time I got caught for all the burglaries I pulled." There was no testimony that defendant in any way acknowledged these statements or responded to them. The statements of Perez and Cuadraeo were not binding on Reyes (People v Salko, 60 AD2d 307, 309). Permitted into evidence were a number of statements by the officer on the scene that there were two men in the apartment—but this testimony has no probative value. Defendant was first observed in a public hallway of the building in which he was arrested. The circumstantial evidence did not establish that defendant assisted others arrested in the burglary of Ms.

Young's apartment or indeed ever knew them. Because of our view that the evidence was insufficient to establish defendant's guilt, it is unnecessary to consider the other points raised by defendant on this appeal. Concur—Birns, Sandler and Sullivan, JJ.

Kupferman, J. P., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: We would affirm the judgment of conviction. The evidence was sufficient to warrant a jury finding the defendant guilty of participating in the burglary. Shortly after there were indications of police activity at the scene, defendant was seen running from the rear of the first floor of the building. There were only two apartments on that floor; one was a locked vacant apartment and the other was the burglarized apartment. Defendant did not live in the building, or so far as appears, have any business in the building. Shortly before defendant came out, another defendant had come running from the same direction. A third defendant was standing in the rear yard with several heavy pieces of stereo equipment at his feet, later shown to have been stolen from the burglarized apartment. The three defendants were obviously not strangers to each other. There is no suggestion of any innocent explanation of defendant's presence and activity. In *People v Borrero* (26 NY2d 430, 434-435), the Court of Appeals said: "In testing the sufficiency of circumstantial evidence, this court has often said that (a) the hypothesis of guilt should 'flow naturally from the facts proved, and be consistent with them all'; and (b) the facts proved must all be consistent with guilt and inconsistent with innocence and exclude 'to a moral certainty' every reasonable hypothesis but guilt. * * * This test, however, at times, tends to be a confusing form of words (see Richardson, Evidence, [9th ed.], § 152) and should not be a substitute for reasoned thought. As Judge Bergan, writing for the court in *People v. Wachowicz* (22 N Y 2d 369), noted: 'In the end, it is a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts.' *(Id.,* at p. 372.)" On the facts of this case, it is plain that common human experience would lead a reasonable man, putting his mind to it, to accept the inference of guilt. At least we cannot say that a reasonable jury could not accept that inference.